UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23300-CIV-UNGARO/SIMONTON

**MEDMARC CASUALTY**
**INSURANCE COMPANY,**

    Plaintiff,

v.

**ENRIQUE VENTURA, et al.,**

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO COMPEL

Presently pending before the Court are the Motion to Compel Interrogatory Answers (DE # 68) and the Motion to Compel Request for Production Responses (DE # 69), which were filed by Defendants, PMF Builders Corp. and PMF Builders II, LLC. Plaintiff responded (DE ## 87, 88); and, although the deadline to file replies expired on October 27, 2008, no reply has been filed to date. These motions are referred to the undersigned Magistrate Judge (DE # 70). Based upon a review of the record and for the reasons stated herein, Plaintiffs' motions to compel are GRANTED IN PART AND DENIED IN PART.

    I.    BACKGROUND

This is a declaratory action concerning a professional malpractice insurance policy that Medmarc issued to its insured, Enrique Ventura. According to the complaint, Mr. Ventura is an attorney who provided legal services in connection with a land development business venture that involved the creation of PMF Builders Corp. and PMF Builders II, LLC (collectively the "PMF Entities"); and, as a result of his involvement in the project, Mr. Ventura was sued in Florida state court by the PMF Entities, among

others. The purpose of this action is to determine whether the state court lawsuit is a single claim, which would cap Mr. Ventura's coverage at $500,000 pursuant to the per claim limit of liability under the Medmarc insurance policy; or, alternatively, whether the state court lawsuit constitutes multiple claims, which would cap Mr. Ventura's coverage at $1 million, pursuant to the aggregate limit of liability under the Medmarc insurance policy (DE # 1).

On September 19, 2008, this Court entered a discovery Order concerning the deposition of Medmarc's corporate representative that is pertinent to the issues raised in the context of the presently pending motions to compel. Consistent with the concessions made by the Defendants, including the PMF Entities, the Court summarized in the prior Order that, "if the policy provisions at issue are unambiguous, they will be enforced as written; and, if the policy provisions are ambiguous, they must be construed strictly against [Medmarc] and in favor of Defendants" (DE # 66 at 6). Thus, because Medmarc's interpretation of the limitation of liability provisions in its insurance policies is irrelevant, Defendants were prohibited from asking Medmarc's corporate representative at deposition how Medmarc has interpreted the applicable coverage limitation provisions in similar situations in the past; how Medmarc would interpret the limits of liability provisions of its policies with respect to multiple claims; and the "interpretation, enforcement and meaning of the operative policy terms" that led Medmarc to conclude that this case involves a single claim rather than multiple claims (DE # 66).

Conversely, the Court concluded in the prior Order, Defendants were permitted to depose Medmarc's corporate representative about Medmarc's knowledge of the facts, events and circumstances that supported its contention that the allegations of

malpractice against Mr. Ventura constituted a single claim, rather than multiple claims, since those areas of inquiry were relevant to assist Defendants in identifying percipient witnesses or uncovering documentary evidence in support of its position (DE # 66).

## II.  INTERROGATORIES

The PMF Entities then filed the instant Motion to Compel Interrogatory Answers, which the Court will address in turn below.

### A.  Interrogatories 3-4

In Interrogatory 3, the PMF Entities asked Medmarc to "[e]xplain with specificity how the acts or omissions of Ventura's alleged malpractice are logically, causually and temporally connected by common facts, circumstances, situations, transactions, events, advice and/or decisions of Ventura."

In Interrogatory 4, the PMF Entities asked Medmarc to "[i]dentify with particularity each fact, circumstance, transaction, event, advice and/or related decision relating to Ventura's alleged malpractice that you contend are common and/or related in connection with the underlying malpractice claim."

Medmarc contends that, although it initially objected to these interrogatories, it ultimately responded to them and served a revised interrogatory response without interposing any objection (DE # 87).  To the extent that Medmarc has not done so already, it must respond to these interrogatories "separately and fully in writing under oath," Fed. R. Civ. P. 33(b), and it is under a continuing obligation to supplement or correct its responses "in a timely manner if [it] learns that in some material respect [any] response is incomplete or incorrect."  Fed. R. Civ. P. 26(e).

B.     Interrogatory 5

In Interrogatory 5, the PMF Entities asked Medmarc to "[d]escribe in detail [its] understanding of what individual and separate duty of care Ventura owed to each client he furnished legal services or representation in the underlying action.  Explain the law and facts upon which you based that understanding.  If your position is that Ventura did not owe any duty to a particular client, explain why not."

Medmarc simultaneously argues that it responded to this interrogatory and that the interrogatory is not relevant.  Without waiving its objection, Medmarc responded that "the fact that Ventura may have owed a separate duty of care to each client that may have resulted in a number of different harms to different persons who may have different causes of action against Ventura does not render the wrongful acts themselves to be unrelated for the purposes of the Medmarc insurance contract" (DE # 68 at 4).

In accordance with this Court's prior Order regarding the deposition of Medmarc's corporate representative, Medmarc is required to respond to the interrogatory by explaining, with respect to each individual client he represented in the underlying malpractice lawsuit, the facts that inform its understanding of the duty of care that Ventura owed to his clients as it relates to this lawsuit; and, Medmarc is required to supplement or correct its response as required pursuant to the Federal and Local Rules.  Fed. R. Civ. P. 26(e).

C.     Interrogatory 6

In Interrogatory 6, the PMF Entities asked Medmarc whether it believes that "every time a business venture is formed among individuals, a lawyer who represents each principal individually and continues to represent the venture, all decisions, advice and representation provided by the lawyer to each individual principal and to the venture are

always related and/or temporally, logically, or causally connected irrespective of the nature of the legal representation furnished to each principal?"; and, the PMF Entities asked Medmarc to "[e]xplain in detail the factual and legal basis for [its] answer."

Medmarc stated that, although the interrogatory was vague, it is its position that the fact that the acts at issue in the state court litigation "resulted in a number of different harms to different persons who may have different causes of action against the lawyer does not render the wrongful acts themselves to be unrelated for the purposes of the Medmarc insurance contract" (DE # 68 at 4).

The undersigned notes that this question has aspects of a permissible contention interrogatory as well as an impermissible hypothetical interrogatory. *See, e.g., Kendrick v. Sullivan*, 125 F.R.D. 1 (D.D.C. 1989). In light of Medmarc's explanation that it has responded to this interrogatory; and, in light of the PMF Entities' failure to file a reply, the undersigned concludes that the dispute was rendered moot by Medmarc's response to the interrogatory.

D. <u>Interrogatory 7</u>

Medmarc notes that it did not interpose an objection to this interrogatory and speculates that it was inadvertently included in the motion to compel. In light of the fact that the PMF Entities did not file a reply to refute this assumption, the undersigned considers the dispute over this interrogatory to be moot.

E. <u>Interrogatory 8</u>

In Interrogatory 8, the PMF Entities asked Medmarc to "[d]escribe in detail your understanding of Ventura's position regarding what limits of liability apply to the underlying action, explain the basis for your understanding and identify each record and/or document that supports your understanding."

Medmarc says that, without waiving its relevancy objection to this interrogatory, it provided a response, although neither party described the nature of its response in its briefs.  Consistent with the Court's Order of September 19, 2008, Medmarc is required to provide the facts that underpin its understanding of Ventura's position regarding the limits of liability under the insurance policy, and to supplement and correct its response as necessary.  But, on the other hand, the interrogatory is not relevant insofar it relates to the interpretation of the insurance policy by individual parties in this lawsuit, in light of the fact that the Court must decide the proper interpretation of the policy as a matter of law without resorting to extrinsic evidence.

### III.    REQUESTS FOR PRODUCTION

The PMF Entities also moved to compel Medmarc to provide responses to two categories of production.

#### A.    Request No. 1

In Request No. 1, the PMF Entities asked Medmarc to "[p]roduce all manuals, memorandums, standard operating procedures, interoffice and intra-office bulletins and notices furnished to adjusters, management and/or employees of the Plaintiff where in said writing explains, educates and instructs said employees and representatives of the Plaintiff insurance company on how to apply the subject policy language when there are multiple malpractice claims against the insured by multiple parties in a single civil action complaint."

As the Court explained in its prior Order concerning the deposition of Medmarc's corporate representative, "if the policy provisions at issue are unambiguous, they will be enforced as written; and, if the policy provisions are ambiguous, they must be construed strictly against [Medmarc] and in favor of Defendants" (DE # 66 at 6).  Medmarc's internal

documents concerning its interpretation of the limitation of liability provisions in its insurance contracts are irrelevant to this declaratory action in which the Court must construe the meaning of those provisions as a matter of law, without resorting to the kind of extrinsic evidence that the PMF Entities seek in this request for production. Therefore, the PMF Entities' motion to compel a response to this request for production is denied.

B.      Request No. 2

In Request No. 2, the PMF Entities asked Medmarc to produce "[a]ll letters, faxes, emails, memoranda, correspondence and any other record or document reflecting a communication between Medmarc and Ventura wherein any of the following is discussed with respect to this case or the underlying state court action," including "Medmarc's reservation of rights under the policy; limits of liability; excess exposure to Ventura; Ventura's position regarding what limits of liability apply; civil remedy notice; Ventura's demand that Medmarc settle the claims against him within the policy limits or take steps to protect his interest; Medmarc's communication with Ventura's counsel regarding the underlying case; Ventura's recourse against Medmarc if he is exposed to extra contractual damages; and specific policy provisions applicable to this case or the underlying action."

Medmarc states that, although it interposed an objection, it nevertheless responded to this request "and additional documents are being produced contemporaneously" with its response to the instant motion (DE # 88 at 3). The PMF Entities did not file a reply to identify any shortcomings in Medmarc's ongoing document production. Medmarc may not object to a discovery request and state that it will respond "notwithstanding its objections." Such an objection and answer preserves

nothing and serves only to waste the time and resources of both the Parties and the Court.  Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered. *See* Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; *see also* Local Rule 26.1 G.3.(a).  Therefore, all requested documents must be produced.  It is accordingly,

**ORDERED AND ADJUDGED** that Defendants' Motions to Compel (DE ## 68, 69) are **GRANTED IN PART AND DENIED IN PART** as set forth above.  On or before December 8, 2008, Plaintiff shall provide complete responses to Interrogatories 3-5 and 8, insofar as they relate to the specific facts of this case; and, on or before December 8, 2008, Plaintiff shall produce all documents within its possession, custody or control that are responsive to Request No. 2.

**DONE AND ORDERED** in chambers in Miami, Florida on December 1, 2008.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
All counsel of record via CM/ECF
The Honorable Ursula Ungaro, United States District Judge